FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HARLEY BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-CV-883-MAB |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| JOHN COE, AND DEE DEE | ) | |
| BROOKHART, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Motion to Reconsider and to Amend the Judgment (Doc. 156) filed by Plaintiff Harley Brady ("Plaintiff"). For the reasons explained below, the Motion is GRANTED.

## BACKGROUND

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Lawrence Correctional Center (Doc. 1). Following the dismissal of various defendants and claims, the following counts remained for dispositive motion briefing:

> **Count 1:** Eighth Amendment claim against Dr. Coe for exhibiting deliberate indifference to Plaintiff's serious medical needs (gastrointestinal and/or thyroid problems including acid reflux, alternating bouts of constipation and diarrhea, cramping, vomiting and dry heaving, exhaustion, inability to stay warm, and a rash) and against Wexford for maintaining policies and customs that caused the same.

**Count 2:** Eighth Amendment claim against Wexford for maintaining policies and customs that resulted in a failure to timely refill Plaintiff's necessary prescription medications.

(Doc. 22; Doc. 69; Doc. 75; Doc. 137).

Defendants moved for summary judgment on both counts (Docs. 121 & 124). With respect to Count 2, Wexford argued there was a complete failure of proof that Plaintiff's prescription refills were delayed (Doc. 122, p. 17). In response, Plaintiff submitted a number of grievances that purportedly documented when his prescriptions were not filled on time (Doc. 138-2). Wexford filed a reply brief and argued that the grievances should be stricken because they were not produced to Defendants during discovery (Doc. 140). Wexford did not make any argument that the grievances were insufficient to establish a constitutional violation (*See Id.*).

The Court declined to strike the grievances (Doc. 150), but stated, "the Court thinks it is pretty obvious under Seventh Circuit precedent that the grievances are, in fact, insufficient to establish an unconstitutional pattern or practice" (Doc. 150, p. 35). The Court indicated the grievances could not carry the day because some were unrelated to delays in prescription refills; some were sent before Plaintiff's medications even ran out; some were related to medications that were not necessary to treat a serious medical condition; and the remaining relevant grievances only documented eight instances of delay over the course of four years, which did not evidence a widespread practice or custom of delaying prescription refills (Doc. 151, p. 36-40).

On September 20, 2021, the Court granted summary judgment for Defendants on Count 1 and noted that it was inclined to grant summary judgment for Wexford on Count 2 pursuant to Federal Rule of Civil Procedure 56(f) (Doc. 151). Rule 56(f) permits the Court to grant summary judgment independent of a motion if the parties are given notice and reasonable time to respond. The Court gave Plaintiff 30 days, until October 20, 2021, to respond and explain why summary judgment should not be granted in favor of Wexford (Doc. 151). The Court warned, "If Plaintiff fails to file a brief, summary judgment will be summarily granted for Wexford as to Count 2" (*Id.*). Plaintiff failed to file anything by the deadline and on October 29, 2021, the Court granted summary judgment on Count 2 and directed the Clerk of Court to enter judgment for Defendants and close the case (Doc. 152). Accordingly, judgment was entered on October 29, 2021 (Doc. 153).

On November 10, 2021, Plaintiff filed a Motion to Reconsider and to Amend the Judgment (Doc. 156). Plaintiff states he did not receive the Court's summary judgment order until November 2, 2021 and was not aware of his obligation to file a response (*Id.*). In an additional brief, Plaintiff submitted copies of a log he keeps for his own records, which documents his incoming and outgoing mail (Doc. 159, p. 5-9). According to Plaintiff's log, he did not receive any incoming mail on September 20, 2021, the date of the Court's summary judgment order (*Id.* at p. 7). On December 1, 2021, Plaintiff brought his mail log to the law library at Centralia Correctional Center, where he has resided since July 28, 2021 (*see* Doc. 149). Plaintiff spoke to the facility librarian, who attempted to print out the summary judgment order from the Court's e-filing system (Doc. 159, p. 3-4).

However, the system stated the one free printout had already been accessed (*Id.* at p. 4). The system did not provide the date on which the document was accessed (*Id.*).

Defendants oppose Plaintiff's Motion to Reconsider and to Amend the Judgment (Doc. 160). According to Defendants, legal counsel for the Illinois Department of Corrections ("IDOC") investigated the issue and staff at Pinckneyville Correctional Center confirmed that the summary judgment order had been received and opened via the CM/ECF notification (*Id.* at p. 2). IDOC's counsel stated that practice is to print and forward Court orders and that "the fact that the links to the Court's Orders had been opened, in light of normal practices at Pinckneyville Correctional Center, suggests that they were then forwarded to Plaintiff" (*Id.*).

Plaintiff filed a "traverse" to Defendants' response, which points out that Defendants discuss the mail system at Pinckneyville but he resides at Centralia, which has unique problems related to its mail system (Doc. 161, p. 1). Plaintiff states Centralia has mailroom staffing issues and inmates experience problems with receiving Court orders from the e-filing system (*Id.*). In response, the librarian has implemented new procedures that require offenders to sign for their receipt of e-filings (*Id.* at p. 2).

## ANALYSIS

Plaintiff cites both Rule 59(e) and Rule 60(b) as the basis of his motion. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence,

and fraud." *Id.* Plaintiff requests that the Court vacate the judgment because his failure to respond to the Court's order is excusable. Thus, Plaintiff does not advance any grounds for relief under Rule 59(e). *See Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures."). As such, Plaintiff's request is construed solely as a Rule 60(b) motion, which is "an extraordinary remedy" that is "granted only in exceptional circumstances." *Harrington*, 433 F.3d at 546.

Excusable neglect is a flexible and equitable concept that encompass "all relevant circumstances surrounding the party's omission," including the reason for the movant's omission, whether it was within the movant's control, the danger of prejudice to the nonmovant, and the interests of efficient judicial administration." *Casio Computer Co., Ltd. v. Noren*, 35 F. App'x 247, 250 (7th Cir. 2002). Excusable neglect is "reserved for miscarriages of justice caused, for instance, by a judicial officer's misrepresentations, ***lost mail***, or plausible misinterpretations of ambiguous rules." *Id.* (emphasis added).

Here, Plaintiff advances a plausible explanation for his failure to respond to the Court's order and supports his explanation with evidence. Taking Plaintiff's word as true, the order was lost within the prison's mail system, which was a circumstance beyond his control. Further, Defendants have not identified any prejudice they would suffer if the Court grants Plaintiff relief from the judgment. Also, vacating the judgment and permitting Plaintiff to respond to the summary judgment will not substantially impede efficient judicial administration.

Accordingly, Plaintiff's Motion to Reconsider and Motion to Amend the Judgment (Doc. 156) is GRANTED. The Clerk of Court is DIRECTED to vacate the judgment. Out of an abundance of caution, the Clerk of Court is also DIRECTED to forward a copy of this order and the Court's summary judgment order (Doc. 151) to Plaintiff. Plaintiff SHALL file a response as to why summary judgment should not be granted in favor of Wexford on Count 2 on or before June 21, 2022. Wexford's reply, if any, is due on or before July 12, 2022. Each party's brief shall not exceed ten pages. If Plaintiff fails to respond, summary judgment will be summarily granted for Wexford on Count 2. No further extensions will be granted.

**IT IS SO ORDERED.**

**DATED: May 31, 2022**

**/s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**